UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

WESTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | CR. 09-50100-JLV |
| | ) | |
| Plaintiff, | ) | |
| | ) | ORDER ADOPTING REPORT |
| vs. | ) | AND RECOMMENDATION |
| | ) | AND DENYING AS MOOT |
| LOUIS JANIS, | ) | PLAINTIFF'S FIRST MOTION |
| | ) | TO SUPPRESS |
| Defendant. | ) | |

This matter is before the court pursuant to a motion to suppress statements filed by plaintiff Louis Janis on January 11, 2010. (Docket 24). Mr. Janis' suppression motion was referred to the magistrate judge for a report and recommendation pursuant to 28 U.S.C. § 636(b)(1)(B) and the standing order dated June 11, 2007.

The magistrate judge issued her report and recommendation on January 13, 2010. (Docket 27). The magistrate judge found that an evidentiary hearing was not warranted because both parties indicated that Mr. Janis did not make any statements to law enforcement. The magistrate judge recommended denying as moot Mr. Janis' motion. She further recommended that the denial be without prejudice to allow Mr. Janis to file a second suppression motion in the event that statements are discovered at a later date.

The time for filing objections to the report and recommendation has expired without action from either party. Upon conducting *de novo* review of the record,[1] it is hereby

ORDERED that the report and recommendation of the magistrate judge (Docket 27) is adopted in full.

IT IS FURTHER ORDERED that Mr. Janis' first motion to suppress statements (Docket 24) is denied as moot. Such denial shall be without prejudice.

Dated February 2, 2010.

BY THE COURT:

/s/ *Jeffrey L. Viken*
JEFFREY L. VIKEN
UNITED STATES DISTRICT JUDGE

---

[1] The court notes that failure to file timely objections to the magistrate judge's report and recommendation can "relieve the district court of the obligation to review de novo those portions of the report to which objection is made." Lorin Corp. v. Goto & Co., Ltd., 700 F.2d 1202, 1206 (8th Cir. 1983). However, the absence of objections does not relieve the court of its obligation "to act judicially, to decide for itself whether the Magistrate's report is correct." Id. Accepting, rejecting, or modifying a report and recommendation is a "judicial act" representing the court's "considered judgment." Id. In order to make a "considered judgment," the court may review a report and recommendation "*sua sponte* or at the request of a party, under a *de novo* or any other standard," although the Federal Magistrate Act, 28 U.S.C. § 636, does not *require de novo* review if no objections are filed. Thomas v. Arn, 474 U.S. 140, 154 (1985). Indeed, when there are no objections to the magistrate judge's report, the district court need not "give any more consideration to the . . . report than the court considers appropriate." Id. at 150.